IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:14CR157-1 |
| | ) | |
| CARLOS FABIAN PEREZ | ) | |

## MEMORANDUM OPINION

**OSTEEN, JR., District Judge**

The resentencing of Defendant Carlos Fabian Perez following revocation of supervised release requires determination of the statutory maximum term of supervised release which may be imposed following conviction of a violation of 21 U.S.C. § 841(b)(1)(D). Defendant was originally convicted and sentenced for, <u>inter alia</u>, Count One of the Indictment which charged a violation of 21 U.S.C. § 841(b)(1)(D).

At the initial sentencing upon revocation of supervised release, this court imposed a 6-month term of imprisonment in addition to a second term of supervised release. Pursuant to 18 U.S.C. § 3583(h), upon revocation this court may reimpose supervised release, but the term of supervised release may not exceed the maximum statutory term of supervised release less any term of imprisonment imposed for the violation.

If the maximum term of supervised release under the conviction as to 21 U.S.C. § 841(b)(1)(D) charged in Count One

is three years (36 months), then the maximum term of supervised release which this court could reimpose following revocation as to Count One is 36 months less the 6-month term of imprisonment, or 30 months. However, if the maximum term of supervised release under 21 U.S.C. § 841(b)(1)(D) is life, then the maximum term of supervised release which this court can reimpose following revocation as to Count One is life less the 6 months of imprisonment imposed.

The Government and Defendant, relying upon United States v. Davis, 684 F. App'x 317 (4th Cir. 2017), and 18 U.S.C. § 3583(b)(2), contend the authorized statutory term of supervised release for a conviction under 21 U.S.C. § 841(b)(1)(D) is not less than two years or more than three years. (Doc. 87 at 2; Doc. 88 at 4-5.) Although an unpublished opinion, the Fourth Circuit in Davis held that the statutory maximum for a violation of 21 U.S.C. § 841(b)(1)(D) is three years. Davis 685 F. App'x at 319.

While Davis is on point and therefore compelling in many respects, this court finds the Fourth Circuit's analysis of the statutory language of 21 U.S.C. § 841 and 18 U.S.C. § 3583 as described in United States v. Pratt, 239 F.3d 640 (4th Cir. 2001) requires further analysis of this issue in Defendant's case. In Pratt, the Fourth Circuit recognized, but did not

reach, the issue addressed here, as Pratt was limited to determining the applicable statutory maximum term of supervised release for a violation of 21 U.S.C. § 841(b)(1)(C). Id. at 647-48 n.4. Nevertheless, citing United States v. Good, 25 F.3d 218 (4th Cir. 1994), the Pratt court recognized the complexity of determining the maximum term of supervised release under 21 U.S.C. § 841 where

> a statute's mandatory minimum term of supervised release is less than the maximum term permitted by § 3583, Good indicates that § 3583's statutory cap does apply. See Good, 25 F.3d at 221. We recognize that this rule, combined with our holding today, creates a somewhat anomalous result: a defendant convicted under 21 U.S.C. § 841(b)(1)(C), could, in theory, receive a term of supervised release of up to life, whereas a defendant convicted under 21 U.S.C. § 841(b)(1)(B), which punishes more serious offenses than § 841(b)(1)(C) cannot receive a term of supervised release of more than five years. Compare 21 U.S.C. § 841(b)(1)(B) with 18 U.S.C. § 3583(b)(1); see also Good, 25 F.3d at 220-21 & n.3. Such a counterintuitive result makes us wonder if the rule announced in Good should be limited to the facts of that case, or perhaps even partially overruled. However, as the question posed by the instant case is limited to § 3583's effect on § 841(b)(1)(C), we need not reach that question here.

Pratt, 239 F.3d at 647-48 n.4.

The issue before this court presents the question identified and not decided in Pratt: when the mandatory minimum term of supervised release required by 21 U.S.C. § 841(b)(1)(D) is less than the applicable maximum term of supervised release permitted by § 3583, does § 3583's maximum term of supervised

- 3 -

release apply? This court believes the analysis in Good appears to have been superseded by statutory changes to 21 U.S.C. § 841(b)(1)(B) which were passed after Good was decided. See United States v. Bailey, 1:10CR224-1, 2020 WL 4453552, at *2-5 (M.D.N.C. Aug. 3, 2020). As a result, this court concludes the statutory maximum term of supervised release under 21 U.S.C. § 841(b)(1)(D) is life.

I.   **FACTUAL BACKGROUND**

On July 9, 2014, Defendant pleaded guilty to Count One of the indictment, a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D), and to Count Two of the indictment, a violation of 21 U.S.C. § 856(a)(1) and (b). (Doc. 40 at 1.) Defendant was sentenced to imprisonment for a term of 21 months as to each count, to run concurrently, (id. at 2), and to five years of supervised release as to Count One, and three years of supervised release as to Count Two, to run concurrently. (Id. at 3.) Neither party appealed the sentence.

On October 5, 2017, following his release from imprisonment and during the first term of supervised release, a petition was filed alleging Defendant was in violation of the conditions of supervised release. (Doc. 51.) On December 22, 2017, after a hearing, this court allowed Defendant to remain on supervised release with additional conditions. (Doc. 58.)

- 4 -

Subsequently, on May 29, 2019, a second petition was filed alleging Defendant was in violation of the conditions of supervised release. (Doc. 60.) Defendant admitted the violations at a final hearing held on July 22, 2019. (Doc. 78 at 14-15.) Following the hearing, this court revoked Defendant's supervised release and imposed a sentence of 6 months imprisonment followed by 36 months of supervised release as to Count One and a concurrent 6-month term of imprisonment followed by 30 months of supervised release as to Count Two, concurrent as to Count One. (Doc. 73 at 1-2.) Defendant gave notice of appeal on August 1, 2019. (Doc. 74.) The parties have no objection to the sentence imposed as to Count Two; the only issue in this case is the term of supervised release imposed as to Count One, which charged a violation of 21 U.S.C. § 841(b)(1)(D).

While Defendant's appeal was pending, the parties filed a joint motion to remand. (Doc. 79-1.) The parties determined that there was authority, United States v. Davis, 684 F. App'x 317 (4th Cir. 2017), which limited the term of supervised release which could be imposed under 21 U.S.C. § 841(b)(1)(D) to no more than three years. (Doc. 79-1 at 2.) The parties requested remand to allow this court to consider Davis. (Id.) A panel of the Fourth Circuit granted the motion and remanded the case for resentencing in light of Davis. (Doc. 79 at 1.)

- 5 -

Case 1:14-cr-00157-WO   Document 91   Filed 01/14/21   Page 5 of 15

The case was called for resentencing following remand on December 4, 2020. This court directed the parties to file briefs on the issue of the statutory maximum term of supervised release under 21 U.S.C. § 841(b)(1)(D) in light of the analysis set forth in United States v. Bailey, 1:10CR224-1, 2020 WL 4453552 (M.D.N.C. Aug. 3, 2020). (Minute Entry 12/04/2020.)

The parties submitted their respective briefs on January 4, 2021. (Docs. 87, 88.) The parties agree that the statutory maximum term of supervised release which may be imposed for a violation of 21 U.S.C. § 841(b)(1)(D) is 36 months. (Doc. 87 at 5-6; Doc. 88 at 3-4.)

## II. ANALYSIS

Upon conviction of a violation of 21 U.S.C. § 841(b)(1)(D), the applicable statutory penalties include a term of imprisonment of not more than 5 years, making the offense a Class D felony. See 18 U.S.C. § 3559(a)(4). The text of 18 U.S.C. § 3583 sets forth the generally applicable authorized terms of supervised release for a Class D offense as follows: "Except as otherwise provided, the authorized terms of supervised release are . . . (2) for a Class C or Class D felony, not more than three years." 18 U.S.C. § 3583(b)(2).

21 U.S.C. § 841(b)(1)(D) contains the following language as to the applicable term of supervised release: "Notwithstanding

- 6 -

Case 1:14-cr-00157-WO   Document 91   Filed 01/14/21   Page 6 of 15

section 3583 of Title 18, any sentence imposing a term of imprisonment under this paragraph shall, in the absence of such a prior conviction, impose a term of supervised release of at least 2 years in addition to such term of imprisonment." 21 U.S.C. § 841(b)(1)(D)(emphasis added). That language from § 841(b)(1)(D), "Notwithstanding section 3583 of Title 18" and "a term of supervised release of at least," appears in identical form in §§ 841(b)(1)(A), (b)(1)(B), and (b)(1)(C). The Fourth Circuit has not issued a published opinion as to § 841(b)(1)(A), but § 841(b)(1)(A) carries a maximum penalty of up imprisonment of life, see 21 U.S.C. § 841(b)(1)(A), which makes it a Class A offense, see 18 U.S.C. § 3583(b)(1), as well as a term of supervised release of "at least 5 years," see 21 U.S.C. § 841(b)(1)(A), which is equal to the maximum term for a Class A offense under 18 U.S.C. § 3583. See 18 U.S.C. § 3583(b)(1).

With respect to 21 U.S.C. § 841(b)(1)(B), in 1994 the Fourth Circuit issued its Good opinion holding that "[a]lthough there is no maximum period of supervised release expressed in the statutory language of 21 U.S.C. § 841(b)(1)(B), . . . the maximum period of supervised release for a first offender found guilty of this Class B felony is five years." Good, 25 F.3d at 221. In 2009, the Fourth Circuit in Dawson, relying upon Good and § 3583, held the statutory maximum term of supervised

- 7 -

release for a violation of 21 U.S.C. § 841(b)(1)(B) is five years. United States v. Dawson, 587 F.3d 640, 648 n.5 (4th Cir. 2009).

In 2001, the Fourth Circuit issued its opinion in United States v. Pratt, in which it held that the statutory maximum for an offense under 21 U.S.C. § 841(b)(1)(C) is life. Pratt, 239 F.3d at 648. 21 U.S.C. § 841(b)(1)(C) carries a sentence of imprisonment of not more than 20 years, see 21 U.S.C. § 841(b)(1)(C), making it a Class C felony, see 18 U.S.C. § 3559(a)(3), for which § 3583 authorizes a term of supervised release of "not more than three years." See 18 U.S.C. § 3583(b)(2). However, 21 U.S.C. § 841(b)(1)(C) requires a court to impose a term of supervised release "of at least 3 years." See 21 U.S.C. § 841(b)(1)(C). The Pratt court rejected application of 18 U.S.C. § 3583 to 21 U.S.C. § 841(b)(1)(C) because of § 841's language of "at least 3 years," stating: "[i]f we were to hold that § 3583's three-year maximum term of supervised release applied to [the defendant]'s sentence, we would render § 841(b)(1)(C)'s use of the words "at least three years" superfluous." Pratt, 239 F.3d at 648.

In 2017, a panel of the Fourth Circuit issued its opinion in Davis, holding that a violation of 21 U.S.C. § 841(b)(1)(D) carries a statutory maximum term of supervised release of three

years. Davis, 684 F. App'x at 320. The analysis of § 841(b)(1)(D) in Davis is succinct and appears to follow the same analysis as Good. See id. at 319. Davis does not address the issues raised in Pratt, nor does it address issues with respect to the phrase "[n]othwithstanding section 3583 of Title 18 . . ." appearing in 21 U.S.C. § 841(b)(1)(D). Compare id. with Pratt, 239 F.3d at 647-48 n.4. See also United States v. Jackson, 559 F.3d 368, 370–71 (5th Cir. 2009).

Following the cases described above, it is possible to construct a rule that is consistent with Good, Pratt, and Davis as to the maximum term of supervised release under the varying paragraphs of § 841. Under that construction, where the minimum term of supervised release under 21 U.S.C. § 841(b)(1) is equal to the maximum term set out in 18 U.S.C. § 3583, then the maximum term of supervised release is life. See Pratt, 239 F.3d at 648. However, where the minimum term of supervised release under § 841 is less than the applicable maximum authorized by 18 U.S.C § 3583, then the maximum authorized term of supervised release under § 3583 controls. See Good, 25 F.3d at 221; Dawson, 587 F.3d at 648 n.5; Davis, 684 F. App'x at 319. However, it is not clear that those courts after Good have been presented with and considered the possible effect of the addition of the phrase "[n]otwithstanding section 3583 of Title 18 . . ." to

- 9 -

Case 1:14-cr-00157-WO   Document 91   Filed 01/14/21   Page 9 of 15

§ 841(b)(1)(A)-(D). Similar to the analysis in Pratt, in which the court examined the statutory language, this court is compelled to apply some meaning to the statutory language and, as a result, concludes the statutory maximum term of supervised release for an offense under 21 U.S.C. § 841(b)(1)(D) is life.

Two district courts in this circuit have previously recognized and explained the history of § 841 and their analysis in determining the maximum term of supervision for a § 841 offense. See United States v. Jackson, 62 F. Supp. 3d 509, 512 (E.D. Va. 2014); Bailey, 2020 WL 4453552, at *3. This court is persuaded by the analysis in each of those cases addressing the effect and interpretation of the language "[n]otwithstanding section 3583 of Title 18." As explained in Jackson:

> When it was established by the Comprehensive Drug Abuse Prevention and Control Act of 1970, the provision now referred to as § 841 did not include the language "[n]otwithstanding section 3583 of title 18." Pub. L. 91–513, Title II, § 401, 84 Stat. 1260 (1970). This absence left the application of § 841 considerably more vague than it is today, and there was a circuit split over how these two statutes were meant to interact. The Fifth and Tenth Circuits determined that the statutes combined to create a definite floor and ceiling for supervised release. See e.g. United States v. Kelly, 974 F.2d 22, 24 (5th Cir. 1992); United States v. Heckard, 238 F.3d 1222, 1236 (10th Cir. 2001). Under this reading, the statutory range of supervised release for § 841(b)(1)(B) would have been four to five years. The Second and Ninth Circuits determined that § 3583 did not apply, and that the statutory maximum term of supervised release was therefore life. See United States v. Mora, 22 F.3d

409, 412 (2d Cir. 1994); United States v. Sanclemente-Bejarano, 861 F.2d 206, 209 (9th Cir. 1988).

> In 2002, Congress added the language "[n]otwithstanding section 3583 of title 18" through the 21st Century Department of Justice Appropriations Authorization Act ("2002 Amendment"). Pub. L. 107–273, § 3003, 116 Stat. 1758 (2002). Following this amendment, the Circuits have generally agreed that § 3583 does not restrict the length of supervised release for drug offenses under § 841.

Jackson, 62 F. Supp. 3d at 512. In Bailey, another court in this district recognized the statutory change and its effect similarly:

> Congress resolved any ambiguity in 2002 when it amended § 841(b)(1)(B), to read: "Notwithstanding section 3583 of title 18, any sentence imposed under this subparagraph shall, in the absence of such a prior conviction, include a term of supervised release of at least 4 years in addition to such term of imprisonment . . . ." 21st Century Department of Justice Appropriations Authorization Act, Pub. L. 107–273, § 3005, 116 Stat. 1758, 1805 (2002) (emphasis added). Circuit courts now agree that the limits of § 3583 do not apply to a § 841(b)(1)(B) offense.

Bailey, 2020 WL 4453552, at *3.

Neither Jackson nor Bailey addressed the statute at issue here, 21 U.S.C. § 841(b)(1)(D). Without application of § 3583, it appears to this court that the language in § 841(b)(1)(D), "shall . . . impose a term of supervised release of at least 2 years in addition to such term of imprisonment," is logically read to authorize a term of supervised release up to life in the same manner as § 841(b)(1)(A) and 841(b)(1)(C). See Pratt, 239

- 11 -

F.3d at 648; see also United States v. Gibbs, 58 F.3d 36, 37-38 (2d Cir. 1995) ("The rule in this circuit is that in view of the "at least" language, no maximum term of supervised release is imposed by such a provision, and therefore that the statutory maximum term of supervised release is a life term,"). Statutes with similar language which do not state an applicable maximum term of imprisonment have been construed to authorize a term of imprisonment of up to life. See 18 U.S.C. § 924(c) ("sentenced to a term of imprisonment of not less than 5 years") and 18 U.S.C. § 924(e) ("imprisoned not less than fifteen years"). In United States v. Turner, the Fourth Circuit recognized "the sensible rule of statutory construction whereby the absence of a specified maximum simply means that the maximum is life imprisonment." 389 F.3d 111, 120 (4th Cir. 2004).

This court concludes that if it were to find 18 U.S.C. § 3583 applies to § 841(b)(1)(D) and establishes a statutory maximum term of supervised release of 3 years for a violation of that section, such an interpretation would render the language "[n]otwithstanding section 3583 of title 18" nearly superfluous. 18 U.S.C. § 3583 establishes the maximum authorized term of supervised release for each class of statute; it does not establish a minimum term. To read 21 U.S.C. § 841(b)(1)(D) and 18 U.S.C. § 3583 together to create a required term of

supervised release of "at least 2 years" but "not more than three years" for a § 841(b)(1)(D) violation does not appear to give meaning or effect to the phrase "[n]otwithstanding section 3583 of title 18" contained in 21 U.S.C. § 841(b)(1)(D). "It is a cardinal principle of statutory construction that a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant." TRW Inc. v. Andrews, 534 U.S. 19, 31 (2001) (internal quotations omitted). As the Fifth Circuit described:

> In 2002, Congress amended § 841 to provide that, "[n]otwithstanding section 3583 of Title 18, any sentence imposing a term of imprisonment under this paragraph shall . . . impose a term of supervised release of at least 3 years." § 841(b)(1)(C) (emphasis added to indicate new text). The amendment was intended to clarify that the longer terms of supervised release under § 841, "which may include lifetime supervised release," controlled over the lesser maximums in § 3583(b). See H.R. Rep. No. 107-685 at 188-89 (2002) H.R. Rep. No. 107-685 at 188-89 (2002) (Conf. Rep.); see also United States v. Johnson, 331 F.3d 962, 967 n.4 (D.C. Cir. 2003) (explaining that the 2002 amendment "mak[es] it clear that the term of supervised release for a conviction under [§ 841(b)(1)(C)] can exceed 3 years").

Jackson, 559 F.3d at 370-71.

Reading the language of § 3583, including "except as otherwise provided" and the language of § 841(b)(1)(D), "[n]otwithstanding section 3583 of Title 18," this court finds the limitations of authorized terms of supervised release under

- 13 -

§ 3583 do not apply to an offense under 21 U.S.C. § 841(b)(1)(D). For the foregoing reasons, this court concludes the statutory maximum term of supervised release for a violation of 21 U.S.C. § 841(b)(1)(D) is life. Therefore, for the reasons stated on the record, this court finds a term of supervised release of 36 months upon revocation of supervision under 21 U.S.C. § 841(b)(1)(D) is authorized by the applicable statutes.

### III. **CONCLUSION**

There is no published opinion in the Fourth Circuit on this specific issue as to 21 U.S.C. § 841(b)(1)(D). The authority of Good, Dawson, and Davis support a finding that the maximum term of supervised release under that statute and in this case is three years, not life as found herein. If this court is not correct in its analysis, then this court has imposed a term of supervised release on revocation that exceeds the statutory maximum. 18 U.S.C. § 3583 provides:

> When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

18 U.S.C. § 3583(h). Under a maximum term of supervised release of 36 months, the 6-month term of imprisonment would limit this

- 14 -

court's authority to impose a second term of supervised release following imprisonment to 30 months. Defendant has already served close to 12 months of the 36-month term of supervised release imposed. While time may not be of the essence, neither should the parties be subject to a sentence which exceeds the statutory maximum any longer than necessary to resolve the issue. Because this is a close issue and the parties agree that § 3583's limitations apply, contrary to the finding of this court, this court would support a request for expedited review if the parties should appeal and believe that appropriate. This is an issue about which reasonable jurists and counsel could disagree.

This the 14th day of January, 2021.

/s/ William L. Osteen, Jr.
United States District Judge